[No. S068395. Mar. 8, 1999.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM R. DOUGLAS, Defendant and Respondent.

## COUNSEL

Thomas W. Sneddon, Jr., District Attorney, and Gerald McC. Franklin, Deputy District Attorney, for Plaintiff and Appellant.

Glen Mowrer, Public Defender, and Michael C. McMahon, Assistant Public Defender6, for Defendant and Respondent.

OPINION

**WERDEGAR, J.**—This case calls on us to interpret Penal Code section 1238,[1] which governs appeals by the People in criminal cases. Specifically, we must determine whether, under that statute, the People were authorized to appeal a superior court's order, made immediately after imposition of sentence was suspended and probation granted, declaring an alternative felony-misdemeanor offense (i.e., a "wobbler") to be a misdemeanor under section 17, subdivision (b)(3). We conclude that, under the circumstances of this case, the appeal was authorized as from "[a]n order made after judgment, affecting the substantial rights of the people." (§ 1238, subd. (a)(5).) We further conclude that where, as here, the People do not challenge the validity of the court's grant of probation or seek its reversal, their appeal is not barred by the statutory prohibition on a People's appeal "from an order granting probation." (*Id.*, subd. (d).) We will therefore reverse the judgment of the Court of Appeal, which dismissed the People's appeal, and remand to that court for consideration of the merits of the appeal.

PROCEDURAL BACKGROUND

Defendant was charged with one count each of obtaining by a false declaration more than $400 in health care benefits for which he was ineligible (count 1; Welf. & Inst. Code, § 14014) and grand theft from the State of California (count 2; § 487, subd. (a)), both charged as felonies.[2] He pled no contest to both counts. According to the change of plea form and colloquy, defendant's plea was based on representations from the trial court that it would treat both offenses as misdemeanors pursuant to section 17 and would place him on three years' probation with no additional jail time.

The prosecutor, contending that a violation of Welfare and Institutions Code section 14014 involving more than $400 in payments is a straight felony rather than a wobbler, objected to the court's intended treatment of the offense as a misdemeanor under section 17. That objection was noted on the change of plea form, which the prosecutor, presumably because of his objection, did not sign; the objection was also made, and overruled, in open court. The prosecutor did not object to the proposed grant of probation itself.

After taking defendant's pleas, the court proceeded without interruption to pronounce judgment. First, the court suspended imposition of judgment and

[1]All further statutory references are to the Penal Code unless otherwise specified.

[2]The facts of defendant's offense are not pertinent to the question on review. According to the probation officer's report, defendant, who is totally blind and suffers other permanent disabilities, obtained, through false statements, government benefits for in-home health services that were not in fact provided. The total overpayment was about $4,770.

ordered defendant placed on probation for three years, with stated conditions. The trial judge signed the probation order and gave it to the baliff for defendant to sign. The court then explained its disagreement with the prosecutor's argument against declaring the Welfare and Institutions Code offense a misdemeanor and formally did so declare: "By sentencing Mr. Douglas, I've left it a felony simply by suspending it. [¶] I now declare under section 17(b) that it is a misdemeanor . . . ." The court then retrieved the probation order from the bailiff and noted thereon its misdemeanor declaration as to both counts. Finally, defendant signed the probation order.

The People[3] filed a timely notice of appeal "from the judgment in Count 1 (14014 W&I) on the grounds that the Court acted without authority by reducing the charge to a Misdemeanor pursuant to Penal Code Section 17(b)." In their opening brief below, the People characterized the appeal as seeking review of "the trial court's order purporting to make a misdemeanor of the [Welfare and Institutions Code] offense . . . ." They contended the order was appealable under either subdivision (a)(1) (order setting aside the information) or subdivision (a)(5) (order after judgment) of section 1238, and that it was not made nonappealable by subdivision (d) of that statute. They did not attack the validity of the probation order itself or urge its reversal.

The Court of Appeal agreed the order was of a type generally appealable under subdivision (a)(1) of section 1238, but held the appeal was nonetheless barred under subdivision (d) of the statute, which, in the lower court's view, requires all orders "underlying" a grant of probation to be reviewed by petition for writ of mandate rather than by appeal. The Court of Appeal therefore dismissed the appeal without reaching the question of whether count 1 of the information charged a straight felony or a wobbler.

We granted the People's petition for review, limited to the question of appealability.

### DISCUSSION

The People have no right of appeal except as provided by statute. (*People* v. *Smith* (1983) 33 Cal.3d 596, 600 [189 Cal.Rptr. 862, 659 P.2d 1152].) Section 1238, the text of which is set out in full in the margin, governs the People's appeals from orders or judgments of the superior

---

[3]The People were represented in the Court of Appeal, as in this court, by the District Attorney of Santa Barbara County.

courts.[4] ▮▮▮ As can be seen, subdivision (a) of section 1238 authorizes appeals in a number of specified circumstances, while subdivision (d) limits that authorization by prohibiting the People's appeals from orders granting probation. Whether the appeal lies in the current case, therefore, depends on whether it is authorized by subdivision (a) and, if so, whether it is nevertheless barred by subdivision (d).

To repeat, the People sought to appeal from the order, made pursuant to section 17, subdivision (b)(3) (hereafter section 17(b)(3)), declaring count 1 to be a misdemeanor, not from the grant of probation. We agree with the People that their appeal, under the circumstances of this case, was authorized by subdivision (a)(5) of section 1238, which permits appeal from "[a]n order made after judgment, affecting the substantial rights of the people."

---

[4]At the time this appeal was filed, section 1238 provided: "(a) An appeal may be taken by the people from any of the following:

"(1) An order setting aside the indictment, information, or complaint.

"(2) A judgment for the defendant on a demurrer to the indictment, accusation, or information.

"(3) An order granting a new trial.

"(4) An order arresting judgment.

"(5) An order made after judgment, affecting the substantial rights of the people.

"(6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense.

"(7) An order dismissing a case prior to trial made upon motion of the court pursuant to Section 1385 whenever such order is based upon an order granting defendant's motion to return or suppress property or evidence made at a special hearing as provided in this code.

"(8) An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.

"(9) An order denying the motion of the people to reinstate the complaint or a portion thereof pursuant to Section 871.5.

"(10) The imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence, except that portion of a sentence imposing a prison term which is based upon a court's choice that a term of imprisonment (A) be the upper, middle, or lower term, unless the term selected is not set forth in an applicable statute, or (B) be consecutive or concurrent to another term of imprisonment, unless an applicable statute requires that the term be consecutive. As used in this paragraph, 'unlawful sentence' means the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction.

"(b) If, pursuant to paragraph (8) of subdivision (a), the people prosecute an appeal to decision, or any review of such decision, it shall be binding upon them and they shall be prohibited from refiling the case which was appealed.

"(c) When an appeal is taken pursuant to paragraph (7) of subdivision (a), the court may review the order granting defendant's motion to return or suppress property or evidence made at a special hearing as provided in this code.

"(d) Nothing contained in this section shall be construed to authorize an appeal from an order granting probation. Instead, the people may seek appellate review of any grant of probation, whether or not the court imposes sentence, by means of a petition for a writ of mandate or prohibition which is filed within 60 days after probation is granted. The review of any grant of probation shall include review of any order underlying the grant of probation."

In the closely related context of defendants' appeals, an order suspending imposition of sentence and granting probation is considered a final judgment (§ 1237, subd. (a)), with the consequence that orders made after the grant of probation are generally appealable by the defendant as "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b); see *In re Bine* (1957) 47 Cal.2d 814, 817 [306 P.2d 445] [order modifying probation appealable]; *People* v. *Romero* (1991) 235 Cal.App.3d 1423, 1425-1426 [1 Cal.Rptr.2d 468] [order denying motion for early termination of probation and relief under section 1203.4 appealable]; *People* v. *Chandler* (1988) 203 Cal.App.3d 782, 787 [250 Cal.Rptr. 730] [order denying relief under section 1203.4 appealable].) No reason appears why a different construction should be given the substantially identical language of section 1238, subdivision (a)(5).

Here, as explained, the court first suspended imposition of judgment and granted probation. Only after the court had orally pronounced the judgment granting probation and signed the probation order did it formally proceed to the section 17(b)(3) declaration. At that time, the court, referring to the Welfare and Institutions Code offense, stated: "By sentencing Mr. Douglas, I've left it a felony simply by suspending it. [¶] I now declare under section 17(b) that it is a misdemeanor . . . ." At defense prompting, the court then clarified it was declaring *both* offenses to be misdemeanors, and so noted on the probation order. The section 17(b)(3) order was thus made "after" the judgment granting probation; it was, therefore, appealable under section 1238, subdivision (a)(5).

To be sure, at the time probation was granted all parties anticipated the court would reduce the charged felonies to misdemeanors: the order granting probation and the section 17(b)(3) declaration were both conditions of defendant's prearranged plea. Nevertheless, the court's decision to defer formal action on the section 17 matter until after it granted probation was not necessarily an arbitrary choice. By keeping the two decisions formally separate, the court made a clear record of the limited prosecutorial objection, which went only to the felony-to-misdemeanor reduction and not to the grant of probation.

That the section 17(b)(3) declaration was made in the same hearing as, and immediately after, the grant of probation does not make it any less an order "after judgment."[5] This court and the Courts of Appeal have considered orders to be appealable by the People under section 1238, subdivision

---

[5]Pursuant to section 17(b)(3), when a superior court suspends imposition of sentence on a defendant's conviction of a wobbler and grants the defendant probation, the court may declare

(a)(5) even when made immediately after the rendition of judgment. (See *People* v. *Warner* (1978) 20 Cal.3d 678, 682 & fn. 1 [143 Cal.Rptr. 885, 574 P.2d 1237] [following imposition of sentence, execution was suspended and probation granted; no suggestion of separate hearing or significant passage of time];[6] *People* v. *Minjarez* (1980) 102 Cal.App.3d 309, 312 [162 Cal.Rptr. 292] [sentence imposed, then custody credits ordered]; *People* v. *Holly* (1976) 62 Cal.App.3d 797, 800-801 [133 Cal.Rptr. 331] [sentence imposed, then stayed pursuant to section 654].)[7]

Having determined the People's appeal of the superior court's section 17(b)(3) declaration was authorized under subdivision (a) of section 1238, we must go on to decide whether it was nonetheless barred by subdivision (d) of the same statute.

Subdivision (d) of section 1238 provides, in full: "Nothing contained in this section shall be construed to authorize an appeal from an order granting probation. Instead, the people may seek appellate review of any grant of probation, whether or not the court imposes sentence, by means of a petition for a writ of mandate or prohibition which is filed within 60 days after probation is granted. The review of any grant of probation shall include review of any order underlying the grant of probation." Subdivision (d) was added to the statute by amendment in 1986. (Stats. 1986, ch. 59, § 1, pp. 169-170.)

■ The patent purpose of this subdivision is to provide a means for review of assertedly illegitimate probation orders while avoiding the unfairness that could result to a defendant who, while the People's appeal from his

---

the offense to be a misdemeanor "at the time of granting probation, or on application of the defendant or probation officer thereafter." The dissenting opinion emphasizes the wording of section 17(b)(3), concluding the misdemeanor declaration here occurred "at the time of granting probation" rather than "thereafter" as those phrases are used in section 17(b)(3). The issue in this case, however, is not the meaning or application of section 17(b)(3), but the meaning and application of section 1238.

[6]The specific holding of *People* v. *Warner*, *supra*, 20 Cal.3d at page 682, footnote 1, that the order suspending execution of sentence and granting probation could be appealed by the People, has since been abrogated by the addition of subdivision (d) to section 1238. The decision is cited here only for the more general proposition that an order immediately following judgment is an order "after judgment" within the meaning of section 1238, subdivision (a)(5).

[7]The reduction of a wobbler charged as a felony to a misdemeanor under section 17, subdivision (b) has also been held appealable by the People, under section 1238, subdivision (a)(10), when that order formed the basis for imposition of an assertedly unlawful sentence. (*People* v. *Carranza* (1996) 51 Cal.App.4th 528, 530-531 [59 Cal.Rptr.2d 134]; *People* v. *Trausch* (1995) 36 Cal.App.4th 1239, 1243, fn. 5 [42 Cal.Rptr.2d 836]; *People* v. *Vessell* (1995) 36 Cal.App.4th 285, 288-289 [42 Cal.Rptr.2d 241].) Because no sentence was imposed in the present case, subdivision (a)(10) of section 1238 is inapplicable here.

or her probation grant is prepared, briefed, heard and decided, might serve all or a substantial part of the probationary period, only to be resentenced to a full state prison term if the People's appeal is ultimately successful. The statute limits review to writ petitions because such procedures are assumed to operate more quickly than an appeal. (*People* v. *Robles* (1997) 52 Cal.App.4th 157, 159-160 [60 Cal.Rptr.2d 419]; *People* v. *Bailey* (1996) 45 Cal.App.4th 926, 930 [53 Cal.Rptr.2d 198]; see also *People* v. *Tanner* (1979) 24 Cal.3d 514, 521 [156 Cal.Rptr. 450, 596 P.2d 328] [explaining unfairness to probationer of commitment to prison following People's successful appeal].)[8]

By its terms, subdivision (d) of section 1238 removes any authorization for People's appeals "from an order granting probation." Clearly, then, the People may not explicitly appeal from, and seek reversal of, any such order. Further, the People concede, and we agree, that subdivision (d) also prohibits appeals that, in substance, attack a probation order, even if the order explicitly appealed from may be characterized as falling within one of the authorizing provisions of subdivision (a). Thus, if the People seek, in substance, reversal of the probation order, the appeal is barred by subdivision (d) however they may attempt to label the order appealed from. (See *People* v. *Robles, supra,* 52 Cal.App.4th at p. 160 [although People "styled" appeal as from preprobation order under section 17, subdivision (b), they at the same time urged view that defendant, instead of receiving probation, "should have been sentenced to state prison under the Three Strikes law"].)

In the Court of Appeal in this case, the People attacked only the trial court's order declaring the offense a misdemeanor under section 17(b)(3), not the court's earlier order granting defendant probation. None of the arguments in the People's briefs below took issue with, or suggested any error in, the probation order (to which the prosecutor had raised no objection in the trial court). Nor did the People request or urge the Court of Appeal to reverse the probation order. The People's Court of Appeal brief concludes:

---

[8]The legislative history confirms this purpose. As introduced, the bill amending section 1238 would have authorized the People's appeal from "[a]n unlawful grant of probation, whether or not the court imposes sentence." (Assem. Bill No. 2287 (1985-1986 Reg. Sess.) as introduced Mar. 8, 1985.) According to the staff analysis in a report of the committee to which the bill was referred, opponents objected that this provision was unfair: "Appeals generally take at least a year to decide. Is it fair to a defendant to put him or her on probation for a year and then imprison him or her a year or two later if an appeal is lo[s]t, even if he or she has been an exemplary probationer?" (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 2287 (1985-1986 Reg. Sess.) for hearing of June 10, 1985.) The bill was amended three days later to add subdivision (d), barring appeal but allowing writ review of probation orders. (Assem. Bill No. 2287 (1985-1986 Reg. Sess.) as amended June 13, 1985.) The committee report cited above is included in the People's request for judicial notice, received March 11, 1998. The request is hereby ordered filed and is granted as to the cited report.

"The court's order after judgment, declaring Mr. Douglas's violation of Welfare and Institutions Code section 14014 to be a misdemeanor, must be reversed."[9]

The Court of Appeal nonetheless held, and defendant contends, that section 1238, subdivision (d) bars the appeal because the section 17(b)(3) order was an "order underlying the grant of probation" and, as such, is reviewable only by writ petition pursuant to the last sentence of subdivision (d). The People, on the other hand, contend the last sentence of section 1238, subdivision (d) adds nothing to the appeal preclusion of the subdivision, but merely clarifies the scope of review available in a writ proceeding challenging a probation grant.

We agree with the People's reading of section 1238, subdivision (d). No appeal from an order granting probation is permitted. If the People wish to challenge such an order—if they wish to obtain its reversal—they may proceed only by writ petition filed within 60 days after probation is granted. If they so proceed, the reviewing court shall also review any order underlying the grant of probation. If the People, instead of or in addition to such a writ petition, file an appeal from some judgment or order other than the order granting probation, that appeal—if it is authorized by subdivision (a) of section 1238—may proceed regardless of whether the defendant was granted probation in the case. On such an appeal, however, the appellate court may not reverse the order granting probation, even if the order appealed from was a prerequisite to probation eligibility.

This reading follows the plain language of section 1238, subdivision (d). It is also the only reading that can be reconciled with subdivision (a)(10), which was added by the same statutory amendment that added subdivision (d). (Stats. 1986, ch. 59, § 1, pp. 169-170.) Subdivision (a)(10) provides for appeal from "[t]he imposition of an unlawful sentence, *whether or not the court suspends the execution of the sentence* . . . . As used in this paragraph, 'unlawful sentence' means the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction." (Italics added.) Under this subdivision, an unlawful sentence may be appealed even if its execution has been suspended during a probationary period, and this authorization of appeal extends to sentences

---

[9]In a footnote to the concluding sentence, the People acknowledged that because defendant's plea was conditioned on the section 17(b)(3) reduction, "[t]he judgment of conviction must likewise be set aside . . . ." We understand this footnote not as an attack on the probation order but as a concession that reversal of the section 17(b)(3) order would entitle defendant to move for vacation of his conviction and withdrawal of his plea.

based on assertedly unlawful underlying orders. Thus, the underlying orders may be reviewed on appeal even though they were followed by, and may have made legally possible, a grant of probation.

In short, the Court of Appeal read section 1238, subdivision (d) too broadly as requiring "all aspects of a case in which a defendant is placed on probation" to be reviewed by writ petition alone. Subdivision (a)(10), added at the same time and by the same legislation as subdivision (d), explicitly provides that one key aspect of the case—imposition of an unlawful sentence, including a sentence unlawful because certain underlying orders were unlawful—may be appealed even if probation was granted.

Because defendant, like the Court of Appeal, relies on *People* v. *Bailey, supra*, 45 Cal.App.4th 926, and *People* v. *Robles, supra*, 52 Cal.App.4th 157, as compelling a conclusion of nonappealability here, we discuss those cases briefly. In *Bailey*, the People purported to appeal from two orders: an order granting probation and an underlying order striking a gun use allegation. The appellate court observed, however, that in fact the trial court never struck the gun use allegation, leaving as the only remaining question whether "the People may appeal from the trial court's grant of probation." (*People* v. *Bailey, supra*, at p. 929.) The court then held, correctly, that such an appeal was barred by the express terms of section 1238, subdivision (d). (*Bailey, supra*, at pp. 929-932.) *Bailey* says nothing regarding appeals from orders underlying a grant of probation.

*People* v. *Robles, supra*, 52 Cal.App.4th 157, is closer on point, in that the People's appeal was purportedly from the reduction to misdemeanors of two wobblers charged as felonies, rather than from the subsequent probation order. (*Id.* at p. 158.) As we noted earlier, however, in *Robles* the People also argued the probation order was invalid and the defendant should instead have been sentenced to state prison under the "Three Strikes" law. (*Id.* at p. 160.) To the extent the *Robles* court rested its holding on the fact the People were in substance attacking the probation order, its conclusion that section 1238, subdivision (d) barred the appeal appears sound, albeit inapplicable here, where the People do not seek reversal of, or otherwise attack, the probation order. To the extent the decision can be read to hold that the imposition of an unlawful sentence, appealable under section 1238, subdivision (a)(10), is made nonappealable by the sentencing court's subsequent suspension of execution and grant of probation (see *People* v. *Robles, supra*, at p. 159), the decision conflicts with the express terms of subdivision (a)(10), which authorize appeal from "[t]he imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence," and is disapproved.

In conclusion, neither the language of section 1238, subdivision (d) nor its purpose requires that the appeal in this case be barred. The People did not explicitly appeal from "an order granting probation," the only type of appeal barred by the statute's plain language, but from a formally and legally separate order declaring the Welfare and Institutions Code section 14014 offense to be a misdemeanor. Neither did the People *implicitly* appeal from the grant of probation by seeking its reversal in their appellate briefs. The People's appeal, in other words, poses no direct threat to defendant's probation and thus could not result in his facing the unfair consequence of being committed to prison after having served all or a large part of his probationary period while the appeal was pending.

The appeal, being authorized by subdivision (a) of section 1238 and not barred by subdivision (d) of that section, was procedurally proper and should not have been dismissed.

## Disposition

The judgment of the Court of Appeal dismissing the People's appeal is reversed. The matter is transferred to the Court of Appeal for consideration of the appeal on the merits.

George, C. J., Baxter, J., Chin, J., and Brown, J., concurred.

**KENNARD, J.,** Dissenting.—When an offense is punishable either as a felony or as a misdemeanor (commonly referred to as a "wobbler"), subdivision (b)(3) of Penal Code section 17 (hereafter section 17(b)(3)) authorizes a trial court to declare the offense a misdemeanor "at the time of granting probation."[1] Subdivision (d) of section 1238 precludes a People's appeal from an "order granting probation," but subdivision (a)(5) of that section allows the People to appeal an "order made after judgment."

Here, the trial court during a single sentencing hearing accepted defendant's plea of "no contest," suspended imposition of sentence, granted defendant probation, and declared the offense a misdemeanor. Because of the sequence in which these events occurred, the majority concludes that the People may appeal, as an order "after judgment," the trial court's action declaring the offense a misdemeanor. I disagree.

The majority senselessly makes appealability turn on whether the trial court utters the words declaring the offense to be a misdemeanor immediately before or immediately after it places the defendant on probation. In my

---

[1] All further undesignated statutory references are to the Penal Code.

view, when a court declares a wobbler to be a misdemeanor *at any time* during the same sentencing hearing at which the court grants probation, the declaration occurs "at the time of granting probation" for purposes of section 17(b)(3), and it is thus a part of the court's probationary order from which the People can seek review only by petition for writ of mandate (§ 1238, subd. (d)).

## I.

On February 24, 1997, defendant William R. Douglas, blind and hearing impaired, appeared in Santa Barbara County Superior Court to enter a no contest plea to charges of grand theft (§ 487, subd. (a)) and obtaining $4,773.20 in health care benefits by false declaration (Welf. & Inst. Code, § 14014). After advising defendant that "a violation of 14014 of the Welfare & Institutions Code . . . is a felony," the prosecutor mentioned an agreement to "reduce this to a misdemeanor." Defendant then entered a plea of no contest to both counts.

The trial court suspended imposition of sentence, placed defendant on probation for three years conditioned upon payment of restitution and a twenty-seven-day county jail sentence and, over the prosecution's objection, declared the violation of Welfare and Institutions Code section 14014 to be a misdemeanor. Defendant thereafter signed the probationary order.

The People appealed, challenging the trial court's ruling under section 17(b)(3) declaring the violation of Welfare and Institutions Code section 14014 to be a misdemeanor. The Court of Appeal, however, dismissed the appeal as taken from a nonappealable order.

## II.

Because the trial court's statement declaring the offense to be a misdemeanor under section 17(b)(3) *followed* the trial court's statements suspending the imposition of sentence and granting probation, the majority holds that the People can appeal it as an order "made after judgment." (§ 1238, subd. (a)(5).) The majority acknowledges that its holding rests on *"the circumstances of this case."* (Maj. opn, *ante,* at p. 88, italics added.) Thus, if the trial court had simply reversed the order of its statements and declared the offense to be a misdemeanor *before* announcing its grant of probation, the majority would have concluded that the People have no right to appeal.

The majority makes appealability of a section 17(b)(3) declaration a matter of happenstance and fortuity. If the trial court happens to make its

declaration that the "wobbler" offense is a misdemeanor *after* it places the defendant on probation, the People may appeal; but if the trial court utters the words of the declaration *before* its probationary order, the People may not appeal. The majority suggests no reason (and none is apparent) why the Legislature would allow an appeal in one situation but not in the other. I cannot believe that the Legislature intended the People's right to appeal to turn on whether the section 17(b)(3) declaration by the trial court occurred one moment before or one moment after the court's grant of probation.

The majority's "before and after" distinction is particularly inapt here because the trial court's reduction of the Welfare and Institutions Code section 14014 offense to a misdemeanor was part of a plea bargain that the prosecutor mentioned just before defendant entered his plea of no contest. As the majority acknowledges, a successful attack on the reduction of the offense to a misdemeanor will call into question the validity of defendant's plea. (Maj. opn., *ante*, at p. 94, fn. 9.) Moreover, the record bears out that the trial court chose the three-year probationary term because it was the maximum allowable for a misdemeanor. (§ 1203a.) And defendant did not sign the order agreeing to probation until *after* the trial court had declared the offense to be a misdemeanor. Therefore, contrary to the majority's assertion, the section 17(b)(3) declaration by the trial court reducing the offense to a misdemeanor in this case was not "formally and legally separate" (maj. opn., *ante*, at p. 96) from the trial court's grant of probation.

III.

Unlike the majority, I would not have appealability here depend on whether the trial court's declaration under section 17(b)(3) reducing a "wobbler" offense to a misdemeanor came just before or just after the court's grant of probation. As I explain, the key to the People's appellate rights with regard to all such declarations made at the initial sentencing hearing appears in section 17(b)(3) itself.

As relevant here, subdivision (b) of section 17 provides: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and *at the time of granting probation*, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (Italics added.) A declaration is made "at the time of granting probation" if it occurs during the same hearing at which the court suspends imposition of

sentence and grants probation; a declaration is made "thereafter" when it occurs at a separate hearing some time later during the probationary period as the result of an application to the court by the defendant or the defendant's probation officer to reduce the offense to a misdemeanor. (See *People v. Wood* (1998) 62 Cal.App.4th 1262, 1271 [73 Cal.Rptr.2d 308]; *People v. Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 363 [45 Cal.Rptr.2d 107].)

By authorizing a trial court to declare an offense to be a misdemeanor "at the time of granting probation" and setting no limit on when during the initial sentencing hearing the court must make its declaration, section 17(b)(3) allows the declaration to be made *at any time* during that sentencing hearing. Accordingly, a section 17(b)(3) declaration is not properly denominated an order made after judgment. Rather, it is part of the trial court's disposition of the case that is indivisible from the court's suspension of imposition of sentence and grant of probation.[2] As I noted earlier, section 1238, subdivision (d) precludes the People from appealing "any grant of probation."

This does not mean, however, that the prosecution has no remedy if the trial court erroneously reduces an offense from a felony to a misdemeanor at the initial sentencing hearing. Subdivision (d) of section 1238 allows the People to challenge a trial court's grant of probation by petition for writ of mandate and states that appellate review "of any grant of probation *shall* include review of any order underlying the grant of probation." (Italics added.) Thus, this provision contemplates that the appellate court in a single writ proceeding will review orders made together with a probationary grant when they are based on the same factual considerations and share the same record.

For the above reasons, I would hold that it is only by writ of mandate, and not by appeal, that the People can seek review of a trial court's section 17(b)(3) declaration at the initial sentencing hearing reducing a felony to a misdemeanor.

---

[2] In this respect, a section 17(b)(3) declaration made at the initial sentencing hearing is not comparable to the orders deemed appealable "order[s] made after judgment" (§ 1238, subd. (a)(5)) in the three cases on which the majority relies. In each case, the order could not have been made until *after* rendition of judgment. (See *People v. Warner* (1978) 20 Cal.3d 678, 682, 683, fn. 2 [143 Cal.Rptr. 885, 574 P.2d 1237] [grant of probation after imposition of sentence]; *People v. Minjarez* (1980) 102 Cal.App.3d 309, 312 [162 Cal.Rptr. 292] [grant of custody credits following imposition of prison sentence]; *People v. Holly* (1976) 62 Cal.App.3d 797, 800-801 [133 Cal.Rptr. 331] [staying sentence pursuant to section 654 after imposing sentence].)

I would affirm the judgment of the Court of Appeal dismissing the People's appeal as taken from a nonappealable order.[3]

Mosk, J., concurred.

Respondent's petition for a rehearing was denied May 19, 1999, and the opinion was modified to read as printed above. Kennard, J., was of the opinion that the petition should be granted.

---

[3]In arguing that it has a right to appeal the order here, the prosecution cites subdivisions (a)(1) and (a)(6) of section 1238. Neither applies. Subdivision (a)(1) of section 1238 permits a People's appeal from an order setting aside an "indictment, information, or complaint." But a trial court's section 17(b)(3) declaration, making a wobbler offense a misdemeanor, does not set aside an indictment, information, or complaint.

Subdivision (a)(6) of section 1238 authorizes a People's appeal from an order "modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense." This provision applies when a trial court, acting under section 1181, subdivision 6 or 7, modifies a verdict, finding, or judgment to conform to evidence. (See *People* v. *Drake* (1977) 19 Cal.3d 749, 754-757 [139 Cal.Rptr. 720, 566 P.2d 622]; Stats. 1978, ch. 1359, § 2, p. 4511 [amending section 1238 to permit an appeal from an order under section 1181, subdivision 6, modifying an offense to a lesser included offense].) It does not apply when a trial court declares a wobbler offense to be a misdemeanor under section 17(b)(3).