Filed 12/8/15  P. v. Salgado CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MARIO SALGADO, <br><br> Defendant and Appellant. | G051358 <br><br> (Super. Ct. No. 12WF1843) <br><br> O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Christen Somerville, Deputy Attorney General, for Plaintiff and Respondent.

Mario Salgado appeals an order denying his petition for resentencing under Proposition 47. Although he was not convicted of an offense that qualifies him for resentencing, he contends equal protection principles require that his offense be treated as such. We disagree and affirm the trial court's order.

PROCEDURAL BACKGROUND

In 2012, Salgado was charged in a felony complaint with unlawfully taking a vehicle in violation of Vehicle Code section 10851, subdivision (a).[1] He was also alleged to have suffered two prior strike convictions and served a prior prison term. Before the preliminary hearing, Salgado pleaded guilty and admitted the prison prior in exchange for dismissal of his prior strikes and a 16-month sentence. As part of his plea agreement, Salgado admitted he "unlawfully drove a 1996 Honda Civic without the consent of the owner and with the intent to temporarily deprive the owner of possession." However, there is nothing in the record indicating how much the vehicle was worth.

On the heels of Proposition 47's passage in November 2014, Salgado petitioned the trial court to reduce his felony conviction to a misdemeanor and resentence him accordingly. Although Proposition 47 does not apply to violations of section 10851, Salgado argued his conviction fell within the scope of the initiative because the value of the car he took did not exceed $950. Alternatively, Salgado argued he was entitled to Proposition 47 relief as a matter of equal protection. The trial court denied his petition.

DISCUSSION

Appellant renews his claims regarding the scope of Proposition 47 and his entitlement to equal protection under the law. However, we discern no basis for disturbing the trial court's ruling.

"Proposition 47 reclassifies as misdemeanors certain non-serious, nonviolent crimes that previously were felonies, and authorizes trial courts to consider

---

[1] Unless noted otherwise, all further statutory references are to the Vehicle Code.

2

resentencing anyone who is currently serving a sentence for any of the listed offenses." (*People v. Awad* (2015) 238 Cal.App.4th 215, 218.) The crime of unlawful vehicle taking is a so-called "wobbler" offense because it is punishable in the court's discretion as a felony or a misdemeanor. (§ 10851, subd. (a); *People v. Douglas* (1999) 20 Cal.4th 85, 88; *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) The crime was not reclassified as a pure misdemeanor by Proposition 47, nor is it listed within the text of that provision. (See Pen. Code, § 1170.18.) Therefore, defendants who have been convicted of that offense are generally not eligible for resentencing. (See *People v. Page* (2015) 241 Cal.App.4th 714, 718 [noting that "the statutory language setting the punishment for violations of . . . section 10851 remains the same, before and after Proposition 47" and that the crime of unlawful vehicle taking "is not included among the enumerated sections amended or added by Proposition 47"].)

However, Proposition 47 did address the issue of theft-related offenses by adding section 490.2 to the Penal Code. That provision effectively redraws the boundary line between grand and petty theft in some cases. It provides, "Notwithstanding [Penal Code] [s]ection 487 [defining grand theft] or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor[.]" (Pen. Code, § 490.2, subd. (a).) Unlike section 10851, Penal Code section 490.2 is expressly listed in Proposition 47 as a criminal statute that has been added or amended by the terms of the initiative. (Pen. Code, § 1170.18, subd. (a).) Therefore, if a person has been convicted of an offense that comes within the terms of that statute, he or she would be entitled to seek relief under Proposition 47.

The main problem for Salgado is that there is nothing in the record of his unlawful taking conviction that indicates the value of the car he took was $950 or less. Moreover, in pleading guilty Salgado admitted only the intent to temporarily deprive the

owner of possession, not the intent to steal, which is the crux of any theft offense. Therefore, the conviction does not satisfy the criteria for petty theft under Penal Code section 490.2.

Relying on *People v. Rodriguez* (1998) 17 Cal.4th 253, Salgado contends the prosecution had the burden of proving the value of the car he took and establishing he was ineligible for relief under Proposition 47. However, *Rodriguez* is no help to Salgado because it involved the sufficiency of the evidence to support a prior felony allegation for purposes of the Three Strikes law. (*Id.* at pp. 261-262.) In that context, it makes sense to impose the burden of proof on the prosecution because it is seeking to use the prior felony conviction to *increase* the defendant's punishment.

In contrast, Proposition 47 is designed to *ameliorate* the effect of a prior felony conviction. Because the initiative is designed for the defendant's benefit, Salgado had the burden of proving he satisfied the criteria for relief based on the record of his conviction. (Pen. Code, § 1170.18, subd. (b); *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448-450; *People v. Sherow* (2015) 239 Cal.App.4th 875, 880.) Since the record of Salgado's unlawful vehicle taking conviction is bereft of evidence regarding the value of the vehicle he took, he is not entitled to resentencing relief by virtue of Penal Code section 490.2's inclusion in Proposition 47.

Salgado's fallback position is that the equal protection clause requires his unlawful vehicle taking conviction be treated the same way as a Penal Code section 490.2 conviction arising from the theft of a car valued at $950 or less. However, as explained above, Salgado has failed to prove the value of the car he took. Thus, he cannot establish he is similarly situated to persons who have violated Penal Code section 490.2, which is fatal to his equal protection claim. (*People v. Brown* (2012) 54 Cal.4th 314, 328-330 [the equal protection clause applies only when the state treats *similarly situated* persons in a disparate manner].)

Even if Salgado could satisfy the similarly-situated requirement, the law

4

is clear that "'neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the existence of a prosecutor's discretion in charging under one such statute and not the other violates equal protection principles.' [Citation.]" (*People v. Page, supra,* 241 Cal.App.4th at p. 719.) In other words, the state has considerable leeway in terms of choosing which punishment is suitable for a particular offender when his conduct violates more than one statute. So too does it have broad authority to decide which offenders may qualify for leniency under a sentence reduction scheme such as Proposition 47. (*Ibid.*) Just because Proposition 47 provides "for the possibility of sentence reduction for a limited subset of those previously convicted of grand theft (those who stole an automobile or other personal property valued $950 or less), but not those convicted of [violating] section 10851," that does not mean the law violates equal protection. (*Id.* at pp. 719-720.) In fact, unless a defendant seeking Proposition 47 relief can show he has been singled out for differential treatment based on some invidious criteria, no equal protection violation will be found. (*Ibid.*) Because Salgado has failed to make such a showing, his equal protection claim cannot prevail.

DISPOSITION

The trial court's order denying Salgado's Proposition 47 petition is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

5