Filed 8/17/20  P. v. Cisneros CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089994 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2015-0013591) |
| v. | |
| GREGORIO CISNEROS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gregorio Cisneros asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the trial court's order.

1

BACKGROUND

The People's October 20, 2015, felony complaint charged defendant with assault with a deadly weapon, to wit scissors (Pen. Code, § 245, subd. (a)(1)),[1] with a special allegation that defendant had inflicted great bodily injury (§ 12022.7, subd. (a)). Defendant's competence to stand trial was questioned, and he was referred for evaluation. Both individuals evaluating defendant diagnosed him with unspecified schizophrenia spectrum and other psychotic disorder, but only one thought he was incompetent to stand trial. Ultimately, the court found defendant incompetent, suspended criminal proceedings, and committed defendant for mental health treatment. On August 4, 2016, criminal proceedings were reinstated after the court determined that defendant's competency had been restored.

Thereafter, on August 9, 2016, the People amended the complaint to charge defendant with assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)), to which defendant pleaded no contest. The trial court suspended imposition of sentence and placed defendant on five years' formal probation with 364 days in county jail. On January 8, 2019, and following defendant's successful graduation from mental health court, the superior court granted the probation department's request to change defendant's probation from formal to informal.

Thereafter, on June 12, 2019, defendant filed a motion to reduce the felony charge to a misdemeanor pursuant to section 17, subdivision (b)(1). The People opposed the motion arguing: (1) there had been a negotiated disposition and (2) that it was necessary to keep defendant on felony probation for the remaining two years of his term so he would remain subject to search. Ultimately, the superior court denied the motion without prejudice, indicating that in light of defendant's ongoing mental illness and the court's

---

[1]    Undesignated statutory references are to the Penal Code.

2

uncertainty that defendant's unspecified schizophrenia and other psychotic disorder[2] could ever be cured, the court would be "more comfortable keeping him on felony probation with the search conditions and with a little bit of time—a little bit of a hammer over his head." Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed and has not done so.

We directed the parties to address the appealability of the court's order denying the section 17, subdivision (b) motion. Having reviewed that briefing, we now conclude the order was appealable as an order after judgment affecting the substantial rights of defendant.[3] (§ 1237, subd. (b); see also *People v. Douglas* (1999) 20 Cal.4th 85, 90-91 [order reducing the defendant's conviction to a misdemeanor following grant of probation and suspension of imposition of sentence was postjudgment order affecting the rights of the People under § 1238, subd. (a)(5)].)

A question nonetheless remains, whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738

---

[2]     While this was defendant's initial diagnosis by officials evaluating his competency, by the time defendant's competency had been restored, this diagnosis had been changed to schizophrenia.

[3]     We disagree with the People's unsupported assertion that defendant's substantial rights have not been affected merely because his motion was denied without prejudice, and thus, he may request section 17 subdivision (b) relief again at a later date.

[18 L.Ed.2d 493] apply to an appeal from an order to reduce a felony to a misdemeanor under section 17, subdivision (b). Our Supreme Court has not spoken.

The *Anders*/*Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of our Supreme Court's authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements.

Having examined the entire record pursuant to *Wende* we find no arguable error that would result in a disposition more favorable to defendant. Consequently, we affirm the trial court's order.

DISPOSITION

The order is affirmed.

_____/s/_____
BLEASE, Acting P. J.

We concur:


_____/s/_____
MURRAY, J.


_____/s/_____
KRAUSE, J.

4