Filed 8/26/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>PETER MONTELLANO,<br><br>  Defendant and Respondent. | B292044<br><br>(Los Angeles County<br>Super. Ct. No. VA041564) |

APPEAL from a postjudgment order of the Superior Court of the County of Los Angeles, William C. Ryan, Judge. Dismissed.

Jackie Lacey, Los Angeles County District Attorney, Phyllis C. Asayama and Matthew Brown, Deputy District Attorneys, for Plaintiff and Appellant.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Respondent.

# I. INTRODUCTION

The Los Angeles County District Attorney (the District Attorney) appeals from the trial court's postjudgment order finding defendant Peter Montellano eligible for resentencing under Penal Code section 1170.126,[1] the Three Strikes Reform Act of 2012 (Proposition 36 or the Act).  We conclude that the trial court's eligibility determination did not affect the substantial rights of the People by altering the underlying judgment, its enforcement, or the defendant's relationship to it, and the order thus was not appealable under section 1238, subdivision (a)(5).  We therefore dismiss the appeal.

# II. FACTUAL AND PROCEDURAL BACKGROUND

In November 1994, defendant participated in the gang murder of Raul Casillas and the attempted gang murder of Casillas's pregnant wife, G.C.  After the victims lost their way in East Los Angeles and unintentionally drove through defendant's gang territory, defendant and his fellow gang members surrounded their car and shot into it multiple times with a shotgun and a handgun, hitting Casillas in the head and G.C. in multiple locations.  Casillas died from his wounds, but G.C. survived.  Although the police were aware of defendant's involvement in the shooting and were actively trying to locate him, he evaded arrest for over two years.

In February 1997, while still at large on the gang shooting case, defendant stole a car and a Bell Gardens police officer

---

[1]     All further statutory references are to the Penal Code.

initiated a pursuit.  During the pursuit, defendant drove recklessly trying to evade the police, running stop signs and red lights at a high rate of speed.  Defendant eventually abandoned the car and fled on foot.  He was apprehended 90 minutes later, and thereafter made several admissions to the police concerning his guilt.

In an information filed in the instant case (No. VA041564) in March 1997, the District Attorney charged defendant in count 1 with the unlawful driving or taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a) and in count 2 with evading an officer in violation of Vehicle Code section 2800.2.  The District Attorney alleged as to count 2 that defendant had suffered two prior strike convictions for robbery and two prior convictions for which he served a prison term.

In an information filed in a subsequent case (No. BA140730) in July 1997, the District Attorney charged defendant with the murder of Casillas in violation of section 187, subdivision (a) and the attempted murder of G.C. in violation of sections 664 and 187, subdivision (a).

In July 1997, the jury in this case found defendant guilty of unlawful driving or taking of a vehicle and evading a police officer.  Because defendant admitted that he suffered two prior strike convictions, the trial court sentenced him under the Three Strikes Law on count 2 to a 25-years-to-life sentence, plus an additional two years for the two prior prison term enhancement allegations.

The following year, in April 1998, a jury in the gang shooting case found defendant guilty of the murder of Casillas and the attempted murder of G.C.  The trial court ordered

3

defendant's sentence in that case to run consecutively to defendant's three-strike sentence in the instant case.

On May 22, 2014, defendant petitioned in this case under section 1170.126 for recall of his three-strike sentence on the grounds that his third-strike felony conviction for evading an officer under Vehicle Code section 2800.2 was not a violent or serious felony. Following extensive briefing and several continuances, the trial court held a hearing on the petition in April 2018 to determine defendant's eligibility for resentencing and then took the matter under submission. In July 2018, the court issued its statement of decision ruling that defendant's so-called "super strike" convictions for murder and attempted murder were not disqualifying "prior convictions" under section 1170.126. The court therefore found that defendant was eligible for resentencing under section 1170.126, subdivision (e)(3) and advised that the matter would proceed on a later date to a determination of whether defendant was suitable for resentencing under section 1170.126, subdivisions (f) and (g).

In August 2018, the District Attorney filed a notice of appeal from the trial court's eligibility determination. The statement of appealability in the opening brief asserted that the eligibility determination was appealable under section 1238, subdivision (a)(5) as a postjudgment order that affects the substantial rights of the People, citing *People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979 (*Martinez*). Defendant did not contest appealability in the respondent's brief.

After the case was fully briefed, but prior to oral argument, we sent a letter to the parties advising them to be prepared to address at argument whether the trial court's eligibility determination was an appealable order under section 1238,

4

subdivision (a)(5). At oral argument, the District Attorney, relying exclusively on *Martinez, supra*, 225 Cal.App.4th 979, reiterated that the eligibility determination was appealable under section 1238, subdivision (a)(5), and defendant disagreed.

## III. DISCUSSION

A. *Prerequisite to Appellate Jurisdiction*

"Appellate courts have jurisdiction over a direct appeal . . . only where there is an appealable order or judgment. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 [107 Cal.Rptr.2d 149, 23 P.3d 43] (*Griset*); *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074] (*Jennings*) [an appealable order or judgment 'is a jurisdictional prerequisite to an appeal'].) 'A trial court's order is appealable when it is made so by statute.' (*Griset*[*, supra*, 25 Cal.4th] at p. 696; see *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 [118 Cal.Rptr.3d 571, 243 P.3d 575] ['right to appeal is wholly statutory' (citing § 904.1).).)" (*Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 765-766.) "A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by [statute]." (*Jennings, supra,* 8 Cal.4th at p. 126.)

B. *Section 1170.126 Resentencing*

The trial court's eligibility determination was made as part of its adjudication of defendant's resentencing petition pursuant

to section 1170.126.  We therefore begin our appealability analysis with a review of the statutory procedures that govern the adjudication of such a petition in the trial court.

Proposition 36 "amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent.  In that circumstance, unless an exception applies, the defendant is to receive a second[-]strike sentence of twice the term otherwise provided for the current felony . . . .  [¶]  . . .  [¶]  In addition to reducing the sentence to be imposed for some third[-]strike felonies that are neither violent nor serious, [Proposition 36] provides a procedure by which some prisoners already serving third[-]strike sentences may seek resentencing in accordance with the new sentencing rules. (§ 1170.126.)"  (*People v. Johnson* (2015) 61 Cal.4th 674, 681-682.)

"The trial court's consideration of a [resentencing] petition under the Act is a two-step process.  First, the court determines whether the petitioner is eligible for resentencing.  If the petitioner is eligible, the court proceeds to the second step, and resentences the petitioner under the Act unless it determines that to do so would pose 'an unreasonable risk of danger to public safety.'  (§ 1170.126, subd. (f).)"  (*Martinez, supra,* 225 Cal.App.4th at p. 987.)

C.     *Section 1238, subdivision (a)(5)*

In criminal cases, the People's right to appeal is controlled and limited by section 1238.  "'The prosecution's right to appeal in a criminal case is strictly limited by statute.  [Citation.]  Long-standing authority requires adherence to these limits even though "the People may thereby suffer a wrong without a

6

remedy." [Citation.] The circumstances allowing a People's appeal are enumerated in section 1238.' (*People v. Chacon* (2007) 40 Cal.4th 558, 564 [53 Cal.Rptr.3d 876, 150 P.3d 755]; see *People v. Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566 P.2d 622] ["'The Legislature has determined that except under certain limited circumstances the People shall have no right of appeal in criminal cases." [Citation.] Those circumstances are enumerated in section 1238'].) "'[C]ourts are precluded from so interpreting section 1238 as to expand the People's right of appeal into areas other than those clearly specified by the Legislature." [Citation.]' (*People v. McGuire* (1993) 14 Cal.App.4th 687, 700-701 [18 Cal.Rptr.2d 12] . . . .)" (*In re Anthony* (2015) 236 Cal.App.4th 204, 211.)

Here, the District Attorney asserts that the trial court's eligibility determination is "[a]n order made after judgment, affecting the substantial rights of the [P]eople." (§ 1238, subd. (a)(5).) An order affects the substantial rights of the People if it alters the judgment, its enforcement, or the defendant's relationship to the judgment. (*People v. Benavides* (2002) 99 Cal.App.4th 100, 105; see also *People v. Leonard* (2002) 97 Cal.App.4th 1297, 1300 ["'[I]n order to affect the People's substantial rights an order "must in some way affect the judgment or its enforcement or hamper the further prosecution of the particular proceeding in which it is made"'"].)

"[O]ur courts have generally held that section 1238, subdivision (a)(5) authorizes the People to appeal orders that affect the defendant's sentence or the timing of his or her release." (*In re Anthony*, *supra*, 236 Cal.App.4th at pp. 211-212.) Such orders include, for example: "(1) an order erroneously granting a defendant credits against his or her prison sentence

7

(*People v. Minjarez* (1980) 102 Cal.App.3d 309, 311-312 [162 Cal.Rptr. 292]); (2) a certificate of rehabilitation issued to a defendant before the period of rehabilitation required by law has been completed (*Daudert v. People* (1979) 94 Cal.App.3d 580, 582-585 [156 Cal.Rptr. 640]); (3) an order granting probation (*People v. Warner* (1978) 20 Cal.3d 678, 681-682 [143 Cal.Rptr. 885, 574 P.2d 1237]); (4) an order erroneously staying sentence pursuant to section 654 (*People v. Perez* (1979) 23 Cal.3d 545, 549, fn. 2 [153 Cal.Rptr. 40, 591 P.2d 63]; *People v. Holly* (1976) 62 Cal.App.3d 797, 801-802 [133 Cal.Rptr. 331]); and (5) an order reducing a felony to a misdemeanor (*People v. Douglas* (1999) 20 Cal.4th 85, 96 [82 Cal.Rptr.2d 816, 972 P.2d 151])." (*People v. Benavides, supra*, 99 Cal.App.4th at p. 104, fn. omitted.)

In each of the foregoing examples, the postjudgment orders found appealable under section 1238, subdivision (a)(5) shared a common characteristic:  Each had a direct and immediate impact on either the length of the defendant's sentence or its enforceability.

D.    *Analysis*

The District Attorney's appealability contention is premised exclusively on section 1238, subdivision (a)(5), as construed by the court in *Martinez, supra*, 225 Cal.App.4th 979. According to the court in *Martinez,* a trial court's eligibility determination under section 1170.126 qualifies as (1) a postjudgment order (2) that affects the substantial rights of the People because it necessarily "affects enforcement of the judgment (in which the People clearly have a substantial interest), and it affects the inmate's status with relation to the

8

judgment already imposed." (*Id.* at p. 987.)  Although we agree that a trial court's eligibility determination under section 1170.126 is a postjudgment order, we disagree with the *Martinez* court's conclusion that such a determination necessarily alters the judgment or a defendant's relationship to it.

*Martinez, supra*, 225 Cal.App.4th 979 involved the distinct issue of whether a trial court's eligibility determination under section 1170.126 was properly challenged by writ petition.  The court addressed appealability in response to the defendant's assertion that the writ petition in that case challenging the trial court's eligibility determination should be dismissed because, "'[a]s a general rule, the People may not seek an extraordinary writ in circumstances where the Legislature has not provided for an appeal.'" (*Martinez, supra*, 225 Cal.App.4th at p. 986, quoting *People v. Superior Court* (*Vidal*) (2007) 40 Cal.4th 999, 1008.)  Based on its view that an eligibility determination affects the substantial rights of the People, the court in *Martinez* concluded that "the People have the right to appeal the eligibility finding under section 1238, subdivision (a)(5)." (*Id.* at p. 988.)

But the court in *Martinez, supra*, 225 Cal.App.4th 979 then went on to hold that, "[e]ven if we were to conclude the People had no right of appeal at this juncture of the proceedings, we would still find writ review appropriate.  'If the prosecution has not been granted by statute a right to appeal, review of any alleged error may be sought by a petition for writ of mandate *only* when a trial court has acted in excess of its jurisdiction and the need for such review outweighs the risk of harassment of the accused.  [Citations.]  Mandate is not available to the prosecution for review of "ordinary judicial error" [citation] or even "egregiously erroneous" orders [citations] . . . .' (*People v.*

9

*Superior Court* (*Stanley*) (1979) 24 Cal.3d 622, 625-626 [156 Cal.Rptr. 626, 596 P.2d 691], fn. omitted.)" (*Id.* at p. 988.) According to the court in *Martinez*, the trial court's order finding defendant eligible for resentencing in that case exceeded the court's jurisdiction to act under section 1170.126 and was therefore subject to writ review, regardless of whether that determination was also appealable. (*Id.* at pp. 988-989.)

Given the court's conclusion on the availability of writ relief in that case, the appealability discussion in *Martinez, supra*, 225 Cal.App.4th 979 is dictum, as it was unnecessary to the court's ultimate holding authorizing writ review of the eligibility determination. (See *Manufacturers Life Ins. Co. v. Superior Court* (1995) 10 Cal.4th 257, 287.) But even if the appealability discussion in *Martinez, supra*, 225 Cal.App.4th 979 was necessary to the court's alternative holding in that case, we disagree with the premise of that holding, that the eligibility determination necessarily affects enforcement of the judgment or defendant's relationship to it.

As explained above, a trial court's adjudication of a petition for resentencing under section 1170.126 requires a two-step process. In the first step, defendant bears the burden of demonstrating eligibility. If the defendant satisfies his or her burden, the burden then shifts to the prosecution, in the second step, to demonstrate that the defendant is unsuitable for release. Resentencing, however, occurs only *after the second step is completed* and only if the trial court determines that the defendant does not pose an unreasonable risk to public safety.

Here, the trial court completed only the first step in that process by finding defendant eligible for resentencing under the terms of section 1170.126. But, at that point in the adjudication

10

process, defendant was not automatically entitled to resentencing. Instead, his three-strikes sentence remained in full force and effect, and would continue to control the terms and conditions of his incarceration during the entire time the resentencing process was pending completion.

Only if the trial court determines a defendant is suitable for resentencing, is a defendant entitled to a second-strike sentence and a modification to the judgment necessarily occurs. Therefore, it is only at that point in the process—when the length of the defendant's three-strike sentence is directly and immediately impacted—that the People's substantial rights are affected under section 1238, subdivision (a)(5) and the District Attorney is empowered to appeal. (See *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1295 [because a resentencing order under section 1170.126 "is simply a modification of the original sentence," and not a new judgment, "it is appealable under . . . section 1238, subdivision (a)(5) as a postjudgment order affecting the substantial rights of the People"].)

Accordingly, we conclude that because the trial court's preliminary eligibility determination did not, by itself, entitle defendant to a second-strike sentence, that ruling did not necessarily affect the substantial rights of the People by directly and immediately altering the judgment, its enforcement, or defendant's relationship to it. The trial court's order was therefore not directly appealable under section 1238, subdivision (a)(5).

11

## IV.  DISPOSITION

The appeal is dismissed.

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.